**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Joe Franklin Sanders, | ) | Cr. No. 6:99-768 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Movant Joe Franklin Sanders' Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (2012). ECF No. 77. For the reasons below, the Court finds that this is an unauthorized, successive petition and therefore dismisses Movant's § 2255 Motion.

**I. PROCEDURAL BACKGROUND**

Movant Joe Franklin Sanders was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). ECF No. 1 (6:99-cr-768). Movant proceeded to trial on March 28, 2000. On March 29, 2000, a jury found Movant guilty as charged. ECF No. 28 (6:99-cr-768). On August 28, 2000, Movant was sentenced to 250 months incarceration, to be followed by a term of 5 years supervised release. ECF No. 34 (6:99-cr-768). Judgment was entered August 31, 2000. ECF. No. 34 (6:99-cr-768). Movant timely filed an appeal. The Court of Appeals for the Fourth Circuit affirmed Movant's conviction and sentence on August 10, 2001. *See United States v. Sanders*, 16 F. App'x 203 (4th Cir. 2001).

On August 14, 2002, Movant filed his first motion to vacate under § 2255. ECF No. 1 (6:02-cv-2702). This Court granted summary judgment for the government on December 30,

2003.  ECF No. 17 (6:02-cv-2702).  The Court of Appeals for the Fourth Circuit affirmed on October 15, 2004.  *See United States v. Sanders*, 110 F. App'x 362 (4th Cir. 2004).

On October 18, 2013, Movant filed a second motion to vacate under § 2255 and a memorandum in support of his request to consider this successive motion.  ECF No. 77 (6:99-cr-768).  Movant contemporaneously moved the Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244 for an order authorizing the district court to consider a successive motion under § 2255.  The Court of Appeals for the Fourth Circuit denied Movant's request on October 28, 2013.  *See In re Joe Franklin Sanders*, No. 13-425 (4th Cir. Oct. 28, 2013) (denying motion to file a successive habeas petition).  The Government filed a motion to dismiss on November 14, 2013.  ECF No. 81 (6:99-cr-768).  By order filed November 14, 2013 pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1995), Movant was advised of the dismissal procedures and the possible consequences if he failed to respond adequately.  Movant responded on December 6, 2013.  ECF No. 85 (6:99-cr-768).

## II. DISCUSSION

Movant alleges that the instant § 2255 motion, in which he raises a claim pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), is not successive in light of the Fourth Circuit's decision in *In re Cabey*, 429 F.3d 93 (4th Cir. 2005) ("*Cabey I*") *reh'g granted,* (4th Cir. Jan. 10, 2006).   First, the Court observes that *In re Cabey I* was withdrawn from the bound volume of the *Federal Reporter* because rehearing was granted on January 10, 2006.  Therefore, *Cabey I* has no precedential value.  Further, after rehearing, the Court of Appeals' decision permitted only additional petitions based on "factual developments that occurred after [ ] earlier petitions for post-conviction relief were adjudicated."

*In re Cabey*, No. 04-277 (4th Cir. June 30, 2006) ("*Cabey II*").  Any right to file under *Cabey II* is limited to new factual claims that could not have been raised in a previous § 2255 motion.[1]  Movant's *Alleyne* and *Descamps* arguments, however, are new legal claims.  *In re Cabey II* does not apply to new legal claims.  *Id.* at 2.  Therefore, the motion presently before the Court is successive.[2]

Pursuant to 28 U.S.C. § 244(b)(3)(A) (2012), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See also* § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").  Thus, Movant must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255.  The Court of Appeals denied Movant's request to issue such an order in this case.  Accordingly, this successive petition must be dismissed.  *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007)

---

[1] Furthermore, *In re Cabey II* is an unpublished decision. Unpublished opinions are not binding precedent in this circuit.  *See* 4th Cir. R. 36(c).

[2] Neither can Movant succeed under § 2244(b)(2)(A).  That provision permits a second or successive petition only if the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . ." § 2244(b)(2)(A).  Here, neither *Alleyne* nor *Descamps* has been made retroactive.  *See United States v. Stewart*, 540 F. App'x 171 (4th Cir. 2013) (unpublished opinion) (noting that "*Alleyne* has not been made retroactively applicable to cases on collateral review."); *see also, e.g.*, *Randolph v. United States*, CIV. CCB-13-1227, 2013 WL 5960881 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding.").

3

(holding that failure of a movant to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); *see also Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000) (holding that a district court "lacks jurisdiction" where the court of appeals had "already rejected [Movant's] application for authorization to file such a petition.").

### III.  CONCLUSION

For those reasons, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 77 (6:99-cr-768), is **DISMISSED**.  Movant's motion for summary judgment, ECF No. 85 (6:99-cr-768), is **DENIED**.  The Government's motion to dismiss, ECF No. 81 ((6:99-cr-768)), is **GRANTED**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

                                               s/ Margaret B. Seymour
                                               Margaret B. Seymour
                                               Senior United States District Judge

Columbia, South Carolina
September 25, 2014